BOWLING, Justice,
for the Court:
Appellants, Mr. and Mrs. Ellis Townsend, appeal from the action of the Circuit Court of Madison County in granting appellee, E. V. Warren, defendant below, a directed verdict. We reverse and remand.
Appellants filed their declaration against appellee alleging that the parties entered into a contract for extensive repairs of appellants’ home by appellee. A copy of the contract and specifications were attached to the declaration. The cause of action alleged two grounds for recovery: (1) The repairs to the house were unsatisfactory and not completed, and (2) the ap-pellee negligently damaged personal property consisting mainly of furniture left in the house during repairs. At the conclusion of appellants’ evidence, the court sustained appellee’s motion for a directed verdict for the reason that the declaration did not charge that appellee owed appellants any duty not to damage the furniture.
The declaration, after setting up the facts of the contract, alleged in part as follows:
The Defendant agreed to do construction work towards the repair of the dwelling house of Plaintiffs and it was his duty to do such work in a good and workmanlike manner and to select skilled employees to perform said work. Despite the duty of Defendant toward your Plaintiffs, he went about his work in a negligent and unskilled manner.
*812 The Defendant, as a result of his gross negligence and unworkmanlike conduct and the unworkmanlike conduct of Defendant’s agents and/or employees who were acting within the scope of their employment and in the business of E. V. Warren pursuant to his obligations under the Contract which is attached hereto as Exhibit “A”, tore up and damaged Plaintiffs’ furniture in their home.
Appellants introduced positive evidence of extensive damage done to furniture in the house during the course of the repairs. The furniture had been covered by heavy plastic. The positive testimony, however, was that there was heavy damage to all the furniture, including saw marks, hammer marks, and other such damage. Testimony was produced and admitted into evidence by experts regarding the damage and the cost of repairs. All of the testimony in regard to the furniture and its damage was admitted without objection from appellee.
In the first place, it is our opinion that the declaration sufficiently set out a cause of action, and sufficiently alleged the duty of appellee to protect the furniture. Mississippi Code Annotated section 11-7-35 (1972) provides as follows:
The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient. It shall not be an objection to maintaining any action that the form thereof should have been different.
In addition to the sufficient charges in the declaration, had appellee objected to any of the evidence regarding the furniture, an amendment to the declaration clearly would have been proper. Appellee took no advantage of discovery of any kind in order to clarify any doubts he had about the charges in the declaration. The purpose of discovery statutes is to clarify the issues and if there is any doubt this easily could have been done.
The lower court was in error in directing the verdict for appellees and the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.